# APRIL 17, 1935

SAM BRADSHAW V. THE STATE.

No. 17272.  Delivered February 27, 1935.
Rehearing Denied (Without Written Opinion) April 17, 1935.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appel-

lant, with malice aforethought, killed Jack Wilson by striking him with a piece of wood about four feet long.

The homicide occurred on the 7th of July, 1933, at the home of appellant during the progress of a dance. Deceased was not a welcome visitor in appellant's home because of the fact that two or three years prior to the transaction resulting in the homicide he had assaulted appellant and inflicted upon him serious injuries. It was appellant's contention, given support in his testimony and that of his witnesses, that deceased and Ed Gore came to the dance drunk and soon after their arrival began to create a disturbance; that appellant secured a piece of wood for the purpose of protecting himself against deceased and Gore and for the further purpose of quieting the disturbance; that deceased was in the act of striking appellant's mother when appellant hit him with the piece of wood. Appellant testified that he did not intend to kill deceased. It was the State's version, given support in the testimony, that deceased was leaving the house when appellant struck him in the back of the head with a piece of wood and mortally wounded him; that deceased had been attacked in the house by some of appellant's relatives prior to the time he stepped outside; and that appellant was waiting for him, armed in the manner mentioned, with the view of killing him. Deceased's skull was fractured.

Bill of exception No. 1 presents the following occurrence: When the case was called for trial appellant stated to the court that he had been previously convicted of possessing intoxicating liquor for the purpose of sale, but had been granted a suspended sentence, which had expired and been set aside. His request that he be permitted to file his application for a suspended sentence in the present case was denied by the court. Appellant having been theretofore convicted of a felony was not entitled to a suspended sentence in the case at bar. Article 776 and 780, C. C. P.; Whitlock v. State, 58 S. W. (2d) 109.

Bill of exception No. 18 recites that appellant testified on direct-examination that just as he struck deceased with a stick of wood, deceased was in the act of striking his (appellant's) mother, he (deceased) having already drawn back to strike her. After giving this testimony, counsel for appellant propounded to appellant the following question: "Why didn't Jack Wilson (deceased) strike your mother?" The State's objection to the question was sustained. Appellant, if permitted, would have testified that the reason why deceased did not strike his mother was because he did not give him time to strike. If it be conceded that it would have been proper for the witness to

answer the question, it is observed that it is shown on page 211 of the statement of facts that substantially the same testimony was given by appellant. We quote: "After they came out on the porch (referring to deceased and appellant's mother) Jack turned around on her; they got even with me. He turned around and reached up to hit her and I hit him on the head with that stick. I hit him to keep him from hitting mother. I did not intend to kill him. I did not know that I hurt him bad. That is the only reason I hit him." At this juncture, counsel for appellant propounded to appellant the following question: "Looking at it as you did, as the situation was, before you at that time, would he have hit your mother if you had not hit him?" Appellant answered as follows: "Yes sir. I hit him one time. I did not try to hit him any more." Under the circumstances, the opinion is expressed that the bill of exception fails to reflect reversible error.

Bill of exception No. 19 is in the same attitude as the foregoing bill.

It is observed that it was charged in the indictment, in substance, that appellant, with malice aforethought, killed Jack Wilson by striking him with a piece of wood about four feet long. In paragraph 11 of the charge the jury were instructed as follows: "But if from the evidence in this case you believe beyond a reasonable doubt that the defendant Sam Bradshaw on or about the 7th day of July, 1933, in the County of Wood and State of Texas, without malice, as hereinbefore defined, did voluntarily kill the said Jack Wilson by then and there striking the said Jack Wilson with a piece of wood about four feet long, as alleged in the first count of the indictment in this case, you will find the defendant guilty of murder without malice and assess his punishment at confinement in the penitentiary for any term of years, not less than two nor more than five."

Appellant excepted to the foregoing charge as follows: "Defendant excepts to paragraphs 10 and 11 of said charge of the court because the same is a charge upon an abstract proposition of, and is the statement of an abstract principle of law, the same is upon the weight of the evidence and the same does not seek to apply the law to the facts in this cause as shown by the testimony, and the same assumes that the allegations in the bill of indictment are true."

It is appellant's contention that the charge is erroneous in assuming that a stick of wood four feet long is a deadly weapon, and, further, that the jury would be warranted under said charge in finding appellant guilty of murder notwithstanding

they concluded the weapon was not deadly and that appellant did not intend to kill. If appellant had specifically excepted to the charge for its failure to instruct the jury that they must believe beyond a reasonable doubt that appellant intended to kill deceased before they could convict him of murder, a different question would be presented. In our opinion, the exception was not specific enough to apprise the trial judge that appellant desired that he couple with the charge an instruction that the jury must believe beyond a reasonable doubt that appellant intended to kill deceased before they could convict for murder.

Appellant requested the court in writing to instruct the jury as follows: "You are instructed that if you find from the evidence in this case that it reasonably appeared to the defendant that the deceased or Ed Gore were attempting to create a disturbance in defendant's house on the occasion in question, or if defendant had been informed that the deceased and said Gore or either of them were about to create a disturbance in defendant's house, then the defendant had the right to arm himself with the piece of wood with which he afterwards struck deceased and carry said stick of wood to the porch of his house."

The court declined to give appellant's requested instruction, but gave a supplemental charge which read as follows: "You are further instructed, which is as much a part of the law of this case as that contained in the main charge, that if you find from the evidence in this case that it reasonably appeared to the defendant that the deceased or Ed Gore were attempting to create a disturbance in defendant's house on the occasion in question, or if defendant had been informed that deceased and Ed Gore, or either of them, were about to create a disturbance in defendant's house, then the defendant had the right to arm himself with the piece of wood, with which he afterwards struck deceased, and had the right to carry said stick of wood to the porch of his house for the purpose of quieting the disturbance or for the purpose of ejecting the said Ed Gore and the deceased, or either of them, from his premises."

We are unable to perceive in what respect the charge submitted by the court was less favorable to appellant than the instruction embraced in his request. We therefore express the opinion that the court was not in error in refusing to give the requested instruction.

We have not undertaken to discuss each of the numerous bills of exception found in the record. However, we have care-

fully examined all of appellant's contentions and are of the opinion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.