Robert SAMANIEGO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-82-130-CR.

Court of Appeals of Texas,
Austin.

March 3, 1983.

Roy E. Greenwood, Austin, court-appointed, for appellant.

Jeff Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Robert Samaniego appeals his conviction for robbery. Tex.Pen.Code Ann. § 29.-02(a)(2) (1974). Appellant pleaded not guilty. The jury returned a verdict of guilty and following a separate hearing on punishment, fixed punishment at ten years imprisonment and a $1,000 fine. The judgment of conviction was entered accordingly.

Appellant filed an application for probation, wherein he alleged "that he ha[d] never been *finally* convicted of a felony in this or any other State, and that his general reputation is good." (emphasis added) In the punishment phase of the trial, appellant testified that he had previously pleaded guilty to a felony offense of driving while intoxicated. He introduced in evidence two exhibits, Defendant's Exhibits 1 and 2, and stated that he was the same individual as the person named therein.

Exhibit 1 is entitled "Assessment of Punishment" and reflects that appellant was adjudged guilty of the offense of driving while intoxicated, second offense; that such judgment was rendered in the 22nd Judicial District Court of Comal County, Texas previous to June 13, 1968 in Cause Number 5329 on the docket of that court; that punishment was assessed by the court at two years imprisonment in the Texas Department of Corrections; and that the court ordered the sentence suspended and appellant placed on probation for a period of two years, beginning on the date of the order.

■ Exhibit 2 is entitled "Order Discharging Defendant from Probation" and reflects that on June 13, 1970, in the cause referred to above, the court entered an order reciting appellant's previous conviction and finding that he had satisfactorily fulfilled all the conditions of probation required in the document entitled "Assessment of Punishment." In conclusion, Exhibit 2 states that the judgment of conviction rendered on June 13, 1968 was set aside; and

> the indictment against [appellant] is hereby dismissed, and ... he is released from all penalties and disabilities resulting from the crime or offense of which he has been convicted, except that proof of said conviction shall be known to the Court should the defendant again be convicted of any criminal offense.

The trial court refused to instruct the jury on the issue of probation, over appellant's objection, which appellant contends was error.

Appellant asserts that dismissal of the indictment and his release "from all penalties and disabilities," as ordered by the trial court in Exhibit 2, had the effect of depriving the previous conviction of finality; and by analogy to a previous conviction which had been appealed (as in *Baker v. State,* 520 S.W.2d 782 (Tex.Cr.App.1975)), his previous conviction was therefore not within the category of previous convictions which will bar probation under Tex.Code Cr.P.Ann. art. 42.12 § 3a (Supp.1982). That statute provides in part:

> In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant had never before been *convicted of a felony* in this or any other State. [emphasis added]

Appellant argues that the legal effect of Exhibit 2 was to convert his previous conviction into a "hybrid deferred adjudication proceeding, thus rendering evidence of such judgment irrelevant for the purpose of determining future probation eligibility." *See* Tex.Code Cr.P.Ann. art. 42.12 § 3d(c)

(Supp.1982), to the effect that a discharge under the deferred adjudication law "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant has previously received probation shall be admissible before the court or jury to be considered on the issue of penalty."

The parties state that no recent decisions control the point under discussion. We note, however, that in *Bradshaw v. State,* 128 Tex.Cr.R. 345, 81 S.W.2d 83, 84 (Tex.Cr.App.1935), the Court affirmed the denial of the defendant's request for a suspended sentence pursuant to Tex.Code Cr.P. art. 776 (1925), which was very similar to art. 42.12 § 3a, *supra:*

> In no case shall sentence be suspended except when the proof shall show and the jury shall find in their verdict that the defendant had never before been convicted of a felony in this or any other state.

The Court so held even though on defendant's prior conviction he "had been granted a suspended sentence, which had expired and been set aside," 81 S.W.2d at 84, under Tex.Code Cr.P. art. 780 (1925), which provided:

> In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, .... If it appears to the court ... that the defendant has not been convicted of any other felony [since the conviction for which sentence was suspended], the court ... shall give the defendant a new trial and dismiss said cause. After the setting aside and dismissal of any conviction as herein pointed for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law.

This article is quite similar to Tex.Code Cr.P.Ann. art. 42.12 § 7 (1979), under which defendant was released from the penalties

and disabilities resulting from his prior conviction:

> Under the satisfactory fulfillment of the conditions for probation, and the expiration of the period of probation, the court, by order duly amended, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted ..., and the court has discharged the defendant hereunder, such court may set aside the verdict ..., and shall dismiss the ... indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction ... shall be made known to the court should the defendant again be convicted of any criminal offense.

These provisions of the 1925 code did not preclude use of a former felony conviction to bar suspension of a sentence resulting from a subsequent felony conviction, even though the former conviction had been dismissed. By an analogy resting upon the similarity of the statutes, dismissal of an indictment under art. 42.12 § 7 of the present code should not preclude use of the former felony conviction as a bar to the jury's award of probation under art. 42.12 § 3a, following a second felony conviction.

Similarly, a *pardon* would not make the probationer again eligible for probation unless, perhaps, the pardon results from subsequent proof that he was innocent of the crime of which he was convicted and sentenced, such sentence having been suspended and probation granted. *Watkins v. State,* 572 S.W.2d 339, 341–42, 343 (Tex.Cr. App.1978). Moreover, we find that in *Taylor v. State,* 612 S.W.2d 566 (Tex.Cr.App. 1981), the trial court held the accused ineligible for probation at the hands of the jury owing to his previous felony conviction in Minnesota. The Court of Criminal Appeals held that the trial court did not err in refusing to instruct the jury as to the accused's probation eligibility when the Minnesota conviction was shown to have been

followed by an "Order of Discharge and Restoration of Civil Rights," which had the effect of discharging the accused "from penal control, restoring all of his civil rights, and setting aside and nullifying his conviction ..." *Id.* at 570–71. The similarity to the trial court's order of discharge, shown in the present case, is obvious. Appellant's first ground of error is overruled.

■ Appellant next contends that the prosecutor's argument to the jury contained remarks which constituted an allusion or comment directed at appellant's failure to testify in his own behalf, in violation of Tex.Code Cr.P.Ann. art. 38.08 (1979). Appellant's complaint addresses remarks which followed the prosecutor's naming two witnesses who identified appellant, from photographs and a line up, as the perpetrator of the robbery. The remarks may be properly understood only in context. We may therefore not avoid quoting at length from the prosecutor's argument. The record reveals that there were two witnesses to the robbery, Gloria Villalpando and Peggy Schmeltekoph, both of whom identified appellant as the perpetrator of the crime. After discussing several definitions contained in the court's charge to the jury, the prosecutor turned to the testimony of the two witnesses, saying [emphasis added throughout]:

> Now, I don't think that [defense counsel] is going to question the fact that [a] robbery took place ... with a gun. If he does, he'll have his opportunity to tell you why he does. *I think what he is going to claim is that the State hasn't proved it was Robert Samaniego, his client, who did it. I think that's the only issue here.* Like I say, if I'm wrong, he'll have his opportunity to explain it to you.
>
> *Again, the only evidence, the only evidence we have, is that it was Robert Samaniego,* this man seated over here at the table. Now, what evidence do we have? We have Gloria Villalpando, the victim herself. We have her identifying him in court here yesterday as being the man who did it, saying that she personal-

ly recalled from that date that he did it. We also have her coming into the sheriff's office two days after it took place, going through random pictures. You've seen the pictures. If you think they're suggestive, well, that's your decision. I think obviously they're not suggestive in any way. She goes through those pictures, picks him out two days afterwards as the man who did it.

We have Mrs. Peggy Schmeltekopf. She in court yesterday picks him out as the man she saw coming out of that store with a gun underneath his jacket. We also have her in court or in the courtroom two days after it occurred with a live lineup against that rail and I believe Dean Reed described it as immediately walking up there, she picked him out as being the one who did it, the one she saw coming out of the store that day.

We also have—let me stop right there. I'm not going to stand up here and try to justify for you *why she didn't believe that that's the weapon that was used or doesn't believe that was the coat he had on. You know, I think the evidence is clear that it is and that she's mistaken about that.*

Now, you may—you have the right as a jury to disbelieve any of her testimony, all of her testimony, part of it. You may think that destroys her credibility as to any other thing she says [referring to a conflict in her testimony and that of another witness]. I certainly don't think that's the case. But you have the right as a jury to believe anyone, any part of their testimony, or disbelieve it.

*It's your decision whether it's [the lineup] suggestive or not whenever they were picked in court, whenever they were picked out that Monday. All the evidence that's right here before you you can make that decision for yourself. The only evidence you have, the only evidence—*

At this point in the prosecutor's argument, defense counsel objected that the last words of the prosecutor constituted "a clear attempt to bring in the failure of the defendant to testify and prejudice this defendant."

The trial court overruled the objection and the prosecutor continued as follows:

The only evidence you have that this man did it—now, a question by [defense counsel] is not evidence. It may be an attempt to arouse suspicion or speculation on your part, but it's not evidence. The only evidence you have is that this man did it and you have to be—

Again, defense counsel objected, saying:

Your honor, excuse me. I object again. I request the Court for a running objection as to this line of questioning being presented.

The trial court overruled the objection, it being evidently based upon the same contention as the previous objection, that is, that the prosecutor's statement amounted to a comment or allusion toward the appellant's failure to testify on his own behalf. After the court overruled the appellant's second objection, the prosecutor stated that he had no further argument until rebuttal.

Appellant argues that there were only two witnesses to the robbery and both testified. "Thus, the only inference" to be drawn from the prosecutor's statements "was that since 'Appellant didn't testify, he must be guilty,'" particularly since "there was no showing that Appellant had any alibi witnesses available to him." We disagree. The record reveals that both witnesses to the robbery identified appellant as the perpetrator. Before analyzing their testimony, the prosecutor quite specifically told the jury that he felt the "only issue" was whether the State had proved that appellant was the person who committed the robbery. The remainder of his argument to the jury addressed only two matters—that two days after the robbery both witnesses had unhesitatingly identified appellant as the perpetrator, but one of them had testified that she did not believe the jacket and firearm introduced in evidence were those she saw on and in the robber's possession during the robbery, creating an obvious issue about her capacity to identify appellant; and, whether the lineup and photographs observed by the witnesses were sug-

gestive. The prosecutor's concluding statement—"[t]he only evidence you have is that this man did it"—rather obviously refers not to appellant's failure to testify but to the theme of the prosecutor's argument that the testimony of the only two witnesses unquestionably concurred in the essential issue of identity, notwithstanding the contrary recollection of one of them as to the jacket and firearm. The inference appellant would draw from the prosecutor's remarks is not only indirect, but exceedingly strained and cannot reasonably be viewed as a *necessary* reference to appellant's failure to testify, and therefore a violation of the prohibition contained in art. 38.08. *Todd v. State,* 598 S.W.2d 286, 294 (Tex.Cr. App.1980). Appellant's ground of error is overruled.

■ Appellant's last ground of error complains that the prosecutor's jury argument on the question of punishment amounted to an improper appeal to fix punishment based upon the desires of other persons in the community. The remark at which this complaint is addressed occurred in the following context:

Why do I ask for twenty years? Well, there's several reasons. Two reasons that stick out in my mind are, one, simply confinement. You know, we've had this rehabilitation given to us. We've seen it. Has it happened? If this man doesn't want to be rehabilitated—we've seen what kind of conduct the man will engage in. Maybe incidents like this won't happen again. *The most important reason I can think of is what twenty years—a sentence of twenty years will mean in this community and this county.* You know, your verdict is not going to be limited to this courtroom. *There's a man sitting back there that's very interested in what you're going to do.*

Appellant interposed his objection that the prosecutor's statement was not a proper plea for law enforcement but a "plea for community expectation." The court overruled the objection and the prosecutor continued.

The verdict you render is going to go outside this courtroom and you can make that message to anyone who might pull an act like this however you want to. You can make a message that you get drunk, you get you a gun, you go rob a convenience store, you're going to get yourself two years. Two years to do. Or you can make the message that if you come to Caldwell County and you pull a stunt like this, you're going to have to pay for it. And I hope and pray that's your message.

The prosecutor concluded with one brief remark to the effect that appellant's motive was only "to make a fast easy buck."

Appellant argues that the prosecutor's statement first emphasized above—"The most important reason I can think of is what ... a sentence of twenty years will mean in this community and this county"— implied to the jury that such a sentence was "important" to the people of the community. We think, rather, that the word "important" referred to the weightier of the two reasons the prosecutor had asserted in support of his request for a twenty-year sentence: confinement to prevent a similar offense from being perpetrated by the appellant; and deterrence of others who might be tempted to commit a similar offense, this being the "most important reason" in the prosecutor's view. Appellant argues as well that the prosecutor's reference "to an unknown person (probably in the courtroom)" implied that *this* person was "very interested" in the jury's fixing of punishment. Neither party to the present appeal identifies the individual who was "a man sitting back there that's very interested in what you're going to do." If we assume the prosecutor referred to a person other than appellant himself, we observe that a rather more pointed statement was held not to constitute a plea which placed the jury under the pressure of community expectations or those of an individual, with regard to punishment, but was instead held to be nothing more than a plea for law enforcement. *Carter v. State,* 431 S.W.2d 8, 9–10 (Tex.Cr.App.1968). We believe the same is true in the present case.

We overrule the appellant's remaining ground of error.

Finding no error, we affirm the judgment of the trial court.