TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00585-CR







Adolph Trevino, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0972518, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 After the jury found appellant guilty of the offense of indecency with a child by
contact, Tex. Penal Code Ann. § 21.11 (West 1994), the trial court set punishment at confinement
for forty-two years. Appellant asserts three points of error, contending that the trial court erred
in denying appellant: (1) his motion for mistrial after the prosecutor's argument included a
reference to appellant's failure to testify; (2) his motion to quash the enhancement paragraphs in
the indictment; and (3) his right to fully cross-examine a witness. We will sustain appellant's first
point of error and reverse the conviction.

 J. E., age twelve at the time of trial, testified that appellant and his daughter stayed
in the home of her mother and her mother's boyfriend during July or August of 1996. Testimony
favorable to the conviction showed that J. E. was sleeping on the couch in the living room when
she was awakened by someone's hand in her shorts. Appellant was leaning over J. E. and rubbing
her vagina or private part; "it hurted." J. E. smelled alcohol on appellant. After telling appellant
to get off, J. E. ran to her mother's room to report what appellant had done. J. E.'s mother called
the police.

 Appellant's first point of error is based on the following argument by the
prosecutor:


 Ladies and gentlemen, I have to tell you -- I submit to you that when you
sat here, the State called, I believe, five witnesses, . . . [J. E.], [J. E.'s mother], 
Robert Cervantes, Anna Morrison and Daniel Rodriguez, the police officer. Each
one of those witnesses brought to you some information, some testimony, some
evidence. Now, what you are to do, then, do you believe -- I mean, it really does
come down to the credibility of the witnesses. The State, the defense can get up
here and try to either sugarcoat this or blow smoke or throw powder everywhere
that you want to throw it, but the idea is this: Two people were there that night that
know what happened, Adolph Trevino and little [J. E.].



(Emphasis added).

 Appellant's objection to the prosecutor's comment on appellant's failure to testify
was sustained and the trial court's instruction to the jury to disregard included a review of the law
prohibiting comment on an accused's failure to testify. The trial court overruled appellant's
motion for mistrial.

 A prosecutor's comment on a defendant's failure to testify is prohibited by both the
federal and state constitutions as well as Texas statutory law. See U.S. Const. amend. V; Tex.
Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979). See also Nickens v.
State, 604 S.W.2d 101, 104 (Tex. Crim. App. 1980). To violate the right against self-incrimination, the argument when viewed from the jury's standpoint must manifestly be of such
a character that the jury would necessarily and naturally take it as a comment on the accused's
failure to testify. If the remark called the jury's attention to the absence of evidence that only the
accused's testimony could supply, the conviction is subject to reversal. Swallow v. State, 829
S.W.2d 223, 225 (Tex. Crim. App. 1992).

 In Norton v. State, 851 S.W.2d 341, 344 (Tex. App.--Dallas 1993, pet. ref'd),
cited by appellant as dispositive of the instant cause, the prosecutor argued, "[T]here were only
two people there and we heard from only one of them." The evidence adduced at trial showed that
appellant held a knife at the prosecutrix's throat, told her that she was "going to die today," beat
her, and forced her to have both sexual intercourse and oral sex with him. Fearing for her life,
the prosecutrix was able to get away by running naked from her apartment. The trial court
sustained the defendant's objection, instructed the jury to disregard the argument, but denied the
defendant's motion for a mistrial. The court reasoned that since the only two people present were
the prosecutrix and the defendant, the prosecutor's argument constituted a direct comment on the
defendant's failure to testify. After performing a harm analysis, the court concluded that the
prosecutor's argument was so inflammatory that the instruction to disregard the argument could
not cure its prejudicial effect. Id. at 345.

 While the State cites additional authority in its brief, at oral argument the State
placed emphasis on this Court's opinion in Samaniego v. State, 647 S.W.2d 762 (Tex.
App.--Austin 1983, no pet.). The thrust of the prosecutor's argument in that case was that all the
evidence that you (the jury) have before you is the testimony of the prosecutrix and one other
person who identified the defendant as the perpetrator of the crime. Id. at 765. This Court
rejected the defendant's argument that the only inference to be drawn from the prosecutor's
argument was that since the defendant did not testify, he must be guilty. Id.

 The State directs our attention to the fact that in the instant cause the State made no
comment about hearing from only one of the two people who were there. Accordingly, the State
argues this cause is not controlled by Norton. While this is true, the emphasis on the absence of
appellant's testimony is amplified by the prosecutor's argument naming all of the witnesses who
had testified before stating "Two people were there that night that know what happened, Adolph
Trevino [appellant] and little [J. E.]." We conclude that the jury would necessarily conclude that
the prosecutor's remarks constituted a comment on appellant's failure to testify and answer the
charges against him.

 In recent years, the Court of Criminal Appeals has held that the prohibition against
commenting on a defendant's silence is subject to a harm analysis. See Madden v. State, 799
S.W.2d 683, 699 (Tex. Crim. App. 1990). To determine whether the error is reversible, we
consider whether the argument was extreme, manifestly improper, injects new and harmful facts
into the case, or violates a mandatory statutory provision and thus so inflammatory that
instructions to disregard the argument cannot cure its prejudicial effect. See Hernandez v. State,
819 S.W.2d 806, 820 (Tex. Crim. App. 1991).

 The facts showed that the alleged offense was committed against J. E., age eleven,
during the dark of night. The argument in question called the jury's attention to the absence of
evidence that only appellant's testimony could supply. The argument was violative of a mandatory
statute, and the error was of constitutional dimension, both federal and state. See Lopez v. State,
793 S.W.2d 738, 743 (Tex. App.--Austin 1990, pet. granted), review dism'd as improvidently
granted, 810 S.W.2d 401 (Tex. Crim. App. 1991). The prosecutor's remarks were uninvited, and
were of such adverse effect and inflammatory character that an instruction to disregard was
insufficient to cure the error. We sustain appellant's first point of error.

 In view of our disposition of this cause, we need not reach appellant's other points
of error.

 The judgment of conviction is reversed and the cause is remanded.



 

 Tom G. Davis, Justice

Before Justices Powers, Jones and Davis*; Justice Powers not participating

Reversed and Remanded

Filed: November 5, 1998

Publish









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



the defendant, the prosecutor's argument constituted a direct comment on the
defendant's failure to testify. After performing a harm analysis, the court concluded that the
prosecutor's argument was so inflammatory that the instruction to disregard the argument could
not cure its prejudicial effect. Id. at 345.

 While the State cites additional authority in its brief, at oral argument the State
placed emphasis on this Court's opinion in Samaniego v. State, 647 S.W.2d 762 (Tex.
App.--Austin 1983, no pet.). The thrust of the prosecutor's argument in that case was that all the
evidence that you (the jury) have before you is the testimony of the prosecutrix and one other
person who identified the defendant as the perpetrator of the crime. Id. at 765. This Court
rejected the defendant's argument that the only inference to be drawn from the prosecutor's
argument was that since the defendant did not testify, he must be guilty. Id.

 The State directs our attention to the fact that in the instant cause the State made no
comment about hearing from only one of the two people who were there. Accordingly, the State
argues this cause is not controlled by Norton. While this is true, the emphasis on the absence of
appellant's testimony is amplified by the prosecutor's argument naming all of the witnesses who
had testified before stating "Two people were there that night that know what happened, Adolph
Trevino [appellant] and little [J. E.]." We conclude that the jury would necessarily conclude that
the prosecutor's remarks constituted a comment on appellant's failure to testify and answer the
charges against him.

 In recent years, the Court of Criminal Appeals has held that the prohibition against
commenting on a defendant's silence is subject to a harm analysis. See Madden v. State, 799
S.W.2d 683, 699 (Tex. Crim. App. 1990). To determine whether the error is reversible, we
consider whether the argument was extreme, manifestly improper, injects new and harmful facts
into the case, or violates a mandatory statutory provision and thus so inflammatory that
instructions to disregard the argument cannot cure its prejudicial effect. See Hernandez v. State,
819 S.W.2d 806, 820 (Tex. Crim. App. 1991).

 The facts showed that the alleged offense was committed against J. E., age eleven,
during the dark of night. The argument in question called the jury's attention to the absence of
evidence that only appellant's testimony could supply. The argument was violative of a mandatory
statute, and the error was of constitutional dimension, both federal and state. See Lopez v. State,
793 S.W.2d 738, 743 (Tex. App.--Austin 1990, pet. granted), review dism'd as improvidently
granted, 810 S.W.2d 401 (Tex. Crim. App. 1991). The prosecutor's remarks were uninvited, and
were of such adverse effect and inflammatory character that an instruction to disregard was
insufficient to cure the error. We sustain appellant's first point of error.

 In view of our disposition of this cause, we need not reach appellant's other points
of error.

 The judgment of conviction