Opinion issued January 22, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01257-CR




ALFRED ALLEN SMILEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 903948




O P I N I O N

          Appellant, Alfred Allen Smiley, was charged by indictment with aggravated
sexual assault for unlawfully causing his sexual organ to penetrate the mouth and
female sexual organ of the complainant by the use of physical force and violence,
and, in the course of the same criminal episode, using and exhibiting a deadly
weapon, namely a box cutter. Appellant pleaded not guilty, asserting that the sexual
contact was consensual. A jury convicted appellant and assessed punishment at 25
years’ confinement. In his first issue, appellant contends that a prosecutor’s cross-examination question introduced prejudicial character evidence in violation of rule
404(b) of the Rules of Evidence. In his second and third issues, appellant contends
that the trial court erred by disallowing voir dire on the issue of community
supervision, and by failing to give a punishment jury charge that would allow the jury
the option of recommending community supervision. We affirm.
Background
          Late at night on February 15, 2003, after attending a party at a nearby masonic
lodge, L.K., a minor, walked down West Montomery Road in northwest Houston in
search of a telephone to call for a ride home. Appellant approached L.K. in his van,
offered her a ride home, and stated that he needed gas money. L.K. accepted the ride
from appellant and offered him five dollars. Appellant threatened to slit L.K.’s throat
with a box cutter, then forced her to perform oral sex on him followed by forced
sexual intercourse. After the sexual assault, appellant dropped L.K. off on Victory
Street. As appellant drove away in his van, L.K. used a camera she had taken with
her to the party to photograph the van’s license plate. Houston Police Department
Sergeant Keith McMurty determined from the license plate number that the van was
registered to Alfred Allen Smiley. Smiley’s photograph was placed into a
photospread and shown to L.K., who positively identified him as her assailant.
          At trial, appellant offered a defense asserting that the sexual contact was
consensual. Appellant testified that when he encountered L.K. on the street, he was,
as he had done on several prior occasions, searching for a prostitute. Appellant
claims that L.K., in exchange for $14, peformed oral sex on him in his van. 
According to appellant, L.K. agreed to perform sexual intercourse with him for a fee
of $50. After they engaged in the sexual act, appellant told her he did not have the
money. This angered L.K., and resulted in a threat from her to claim rape as
retaliation.Improper Cross-Examination Question
          In his first issue, appellant contends that, under rule 404(b) of the Rules of
Evidence, the prosecutor’s suggestion that appellant had extensive experience with
the police was prejudicial because it introduced improper character evidence of other
crimes, wrongs, or acts. See Tex. R. Evid. 404(b). Rule 404(b) provides:
Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith. It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that
upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial of intent to introduce in the State’s
case-in-chief such evidence other than that arising in the same
transaction. Tex. R. Evid. 404(b).
          During the guilt-innocence phase of the trial, the State cross-examined
appellant concerning his pretrial failure to tell anyone but his own attorney that the
sexual contact between himself and the complainant was consensual. During the
cross-examination of appellant, the following exchange occurred:
          STATE:                 So, you’d agree with me that the first time this story comes
out in order for it to be investigated or what not, is the
same precise moment the ladies and gentlemen of the jury
that are sitting in judgment of you, same time they hear it
is the same time we hear it.
 
          APPELLANT:      Well, I told my lawyer about it and he took care of it from
that point.
 
          STATE:                 All right. You never told anybody in the police
department?
 
          APPELLANT:      No.
 
          STATE                  And your lawyer doesn’t have any power or ability to
determine whether or not charges are going to be filed,
right?
 
          APPELLANT:      It’s not going to do any good to tell anybody in the police
department anyway.
 
          STATE:                 Oh, it won’t. And that’s based on your extensive
experience with the police?
 
          DEFENSE:            Objection to that question, your Honor.
 
          THE COURT:       That’s sustained.
 
          DEFENSE:            Ask that . . .
 
          THE COURT:       Don’t consider that for any purpose, ladies and gentlemen. 
Ask your next question.
 
          DEFENSE:            Instruction to disregard, your Honor.
 
          THE COURT:       I’ve already done that.
 
          DEFENSE:            Move for a mistrial.
 
          THE COURT:       That’s denied.

          In the context of the State’s entire cross-examination, it appears that the State’s
question was rhetorical in nature and laced with sarcasm. Nonetheless, the question
was never answered. As no evidence was introduced pursuant to the question, rule
404(b) does not apply. See Tex. R. Evid. 404(b).
          We overrule appellant’s first point of error.
Community Supervision
          In his third issue, appellant contends that the trial court erred because the
punishment jury charge did not give the jury the option of recommending community
supervision.


 A defendant is eligible for jury recommended community supervision
only if, before the trial begins, the defendant files a sworn written motion with the
court indicating that the defendant has not been previously convicted of a felony, and
the jury, in its verdict, finds that the information in the defendant’s motion true. Tex.
Code Crim. Proc. Ann. art. 42.12 § 4(e) (Vernon Supp. 2004).
          Appellant filed a sworn motion for community supervision stating that, in
1994, he was convicted of the felony offense of possession of a controlled substance,
but that the conviction had been set aside.


 Appellant contents that, because his
conviction was set aside pursuant to article 42.12, section 20 of the Code of Criminal
Procedure, he was eligible for jury-recommended community supervision. Appellant
requested a punishment charge that would permit the jury the option of
recommending to the court that he be placed on community supervision in lieu of
incarceration.
          Article 42.12, section 20 of the Code of Criminal Procedure, upon which
appellant relies, provides that, upon fulfillment of the conditions of community
supervision and expiration of the community supervision period, the court shall
discharge the defendant. Tex. Code Crim. Proc. Ann. art. 42.12 § 20(a) (Vernon
Supp. 2004). A court discharging a defendant under article 42.12, section 20 may set
aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the
accusation, complaint, information or indictment against the defendant, releasing the
defendant from all penalties and disabilities resulting from the offense or crime of
which he has been convicted. Id. However, under subsection one of article 42.12,
section 20(a), if the discharged person is subsequently convicted of another criminal
offense, the previously dismissed former felony conviction will resurrect itself and
be made known to the trial judge. Tex. Code Crim. Proc. Ann. art. 42.12 § 20(a)(1)
(Vernon Supp. 2004); Cuellar v. State, 70 S.W.3d 815, 820 (Tex. Crim. App. 2002). 
Appellant argues that, under Cuellar, when his prior felony conviction was set aside
pursuant to article 42.12, section 20, he once again became eligible for community
supervision because the felony conviction disappeared. See Cuellar, 70 S.W.3d at
820.
          Appellant’s reliance on Cuellar is misplaced. In Cuellar, the State used
Cuellar’s set-aside probation in the guilt-innocence phase of his felon in possession
of a firearm trial as a final conviction to prove the required element that Cuellar was
a convicted felon. Cuellar, 70 S.W.3d at 820. In contrast, appellant had been found
guilty by the jury of aggravated sexual assault when the set-aside probation was
resurrected and made known to the trial court in the punishment phase of trial. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 20(a)(1). Cuellar, therefore, is
inapplicable because it concerned the effect of a felony conviction set aside under
article 42.12, section 20 as it related to the “prior felony conviction” element of the
offense of felon in possession of a firearm, and not the effect of such a set-aside
conviction as it related to community supervision eligibility in the punishment phase
of trial upon a subsequent criminal conviction. Cuellar, 70 S.W.3d at 820; see Tex.
Pen. Code Ann. § 46.04(a) (Vernon 2003). 
          In Cuellar, the Court of Criminal Appeals determined that when the appellant’s
prior felony conviction was set aside pursuant to an article 42.12, section 20 order,
he was released from all penalties and disabilities resulting from the conviction,
effectively making the felony conviction “disappear.” Cuellar, 70 S.W.3d at 820. 
The Cuellar court made clear, however, that although a felony conviction set aside
under article 42.12, section 20 effectively disappears and, therefore, may not be used
to satisfy the necessary element of the offense of felon in possession of a firearm, the
set-aside conviction, upon subsequent criminal conviction, resurrects itself and makes
itself known to the trial judge. Cuellar 70 S.W.3d at 820. Therefore, although
appellant’s prior felony conviction effectively “disappeared” when it was set aside
pursuant to article 42.12, section 20, the set-aside felony conviction resurrected itself
upon the jury’s subsequent conviction of appellant for aggravated sexual assault. See
Tex. Code Crim. Proc. Ann. art 42.12 § 20(a)(1); Cuellar, 70 S.W.3d at 820.
          Appellant’s mistake is in equating his conviction’s having been set aside
pursuant to article 42.12 section 20 with his never having been convicted at all, hence
with his being eligible for community supervision pursuant to article 42.12 section
4(e). It is well-established that, under the Code of Criminal Procedure, a prior felony
conviction makes a defendant ineligible for jury-recommended community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e);


 Earhart v. State, 823
S.W.2d 607, 622-23 (Tex. Crim. App. 1991); see also Bradshaw v. State, 81 S.W.2d
83, 84 (Tex. Crim. App. 1935) (holding prior conviction made defendant ineligible
for community supervision under predecessor statute to 1965 Code of Criminal
Procedure). This ineligibility applies even if the prior conviction is somehow set
aside or vacated, unless there is an express finding that the individual was exonerated
from the prior finding of guilt. Watkins v. State, 572 S.W.2d 339, 343 (Tex. Crim.
App. 1978) (holding that even presidential pardon insufficient to prevent prior
conviction from prohibiting probation eligibility), accord Ex Parte Welch, 981
S.W.2d 183, 184 (Tex. Crim. App. 1998) (explaining that applicant was eligible for
community supervision because prior set-aside deferred adjudication probationary
term was not a conviction). Although appellant established that the prior felony was
set aside, no evidence established that he was exonerated of the offense. We hold that
appellant’s set-aside prior felony conviction rendered him ineligible to receive jury-recommended community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 4(e). Accordingly, we conclude that the trial court did not err by denying the jury
the option to recommend community supervision in the punishment jury charge.
          We overrule appellant’s third point of error.
Voir Dire Limitation
          In his second point of error, appellant contends the trial court abused its
discretion by preventing appellant from questioning prospective jurors during voir
dire regarding whether they could conceive of a situation where community
supervision would be an appropriate punishment in a sexual assault case.
          A trial court’s ruling on voir dire limitation is reviewed under an abuse of
discretion standard. Rhoades v. State, 934 S.W.2d 113, 118-19 (Tex. Crim. App.
1996). A trial court abuses its discretion when it prohibits defense counsel from
asking “proper” voir dire questions. Id. at 118. Proper voir dire questions are ones
that seek to “discover a veniremember’s views on an issue applicable to the case.” 
Id. (emphasis in original). Because appellant was ineligible for jury-recommended
community supervision, voir dire based on the jurors’ feelings about community
supervision was inapplicable to the case. See id. We conclude that, because
appellant was ineligible for jury-recommended community supervision, the trial court
did not abuse its discretion in prohibiting voir dire on that issue.
          We overrule appellant’s second point of error.
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).