**Alfred Allen SMILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–01257–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 22, 2004.

Douglas Durham, Houston, TX, for Appellant.

Shirley Cornelius, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Charles A. Rosenthal, Jr., District Attorney-Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ELSA ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Alfred Allen Smiley, was charged by indictment with aggravated sexual assault for unlawfully causing his sexual organ to penetrate the mouth and female sexual organ of the complainant by the use of physical force and violence, and, in the course of the same criminal episode, using and exhibiting a deadly weapon, namely a box cutter. Appellant pleaded not guilty, asserting that the sexual contact was consensual. A jury convicted appellant and assessed punishment at 25 years' confinement. In his first issue, appellant contends that a prosecutor's cross-examination question introduced prejudicial character evidence in violation of rule 404(b) of the Rules of Evidence. In his second and third issues, appellant contends that the trial court erred by disallowing voir dire on the issue of community supervision, and by failing to give a punishment jury charge that would allow the jury the option of recommending community supervision. We affirm.

## Background

Late at night on February 15, 2003, after attending a party at a nearby masonic lodge, L.K., a minor, walked down West Montomery Road in northwest Houston in search of a telephone to call for a ride home. Appellant approached L.K. in his van, offered her a ride home, and stated that he needed gas money. L.K. accepted the ride from appellant and offered him five dollars. Appellant threatened to slit L.K.'s throat with a box cutter, then forced her to perform oral sex on him followed by forced sexual intercourse. After the sexual assault, appellant dropped L.K. off on Victory Street. As appellant drove away in his van, L.K. used a camera she had taken with her to the party to photograph the van's license plate. Houston Police Department Sergeant Keith McMurty determined from the license plate number that the van was registered to Alfred Allen Smiley. Smiley's photograph was placed into a photospread and shown to L.K., who positively identified him as her assailant.

At trial, appellant offered a defense asserting that the sexual contact was consensual. Appellant testified that when he encountered L.K. on the street, he was, as he had done on several prior occasions, searching for a prostitute. Appellant claims that L.K., in exchange for $14, performed oral sex on him in his van. According to appellant, L.K. agreed to perform sexual intercourse with him for a fee of $50. After they engaged in the sexual act, appellant told her he did not have the

money. This angered L.K., and resulted in a threat from her to claim rape as retaliation.

### Improper Cross–Examination Question

■ In his first issue, appellant contends that, under rule 404(b) of the Rules of Evidence, the prosecutor's suggestion that appellant had extensive experience with the police was prejudicial because it introduced improper character evidence of other crimes, wrongs, or acts. *See* Tex.R. Evid. 404(b). Rule 404(b) provides:

> *Other Crimes, Wrongs or Acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction. Tex.R. Evid. 404(b).

During the guilt-innocence phase of the trial, the State cross-examined appellant concerning his pretrial failure to tell anyone but his own attorney that the sexual contact between himself and the complainant was consensual. During the cross-examination of appellant, the following exchange occurred:

> STATE: So, you'd agree with me that the first time this story comes out in order for it to be investigated or what not, is the same precise moment the ladies and gentlemen of the jury that are sitting in judgment of you, same time they hear it is the same time we hear it.

> APPELLANT: Well, I told my lawyer about it and he took care of it from that point.

> STATE: All right. You never told anybody in the police department?

> APPELLANT: No.

> STATE: And your lawyer doesn't have any power or ability to determine whether or not charges are going to be filed, right?

> APPELLANT: It's not going to do any good to tell anybody in the police department anyway.

> STATE: Oh, it won't. And that's based on your extensive experience with the police?

> DEFENSE: Objection to that question, your Honor.

> THE COURT: That's sustained.

> DEFENSE: Ask that ...

> THE COURT: Don't consider that for any purpose, ladies and gentlemen. Ask your next question.

> DEFENSE: Instruction to disregard, your Honor.

> THE COURT: I've already done that.

> DEFENSE: Move for a mistrial.

> THE COURT: That's denied.

In the context of the State's entire cross-examination, it appears that the State's question was rhetorical in nature and laced with sarcasm. Nonetheless, the question was never answered. As no evidence was introduced pursuant to the question, rule 404(b) does not apply. *See* Tex.R. Evid. 404(b).

We overrule appellant's first point of error.

### Community Supervision

■ In his third issue, appellant contends that the trial court erred because the punishment jury charge did not give the jury the option of recommending com-

munity supervision.[1] A defendant is eligible for jury recommended community supervision only if, before the trial begins, the defendant files a sworn written motion with the court indicating that the defendant *has not been previously convicted of a felony*, and the jury, in its verdict, finds that the information in the defendant's motion true. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 4(e) (Vernon Supp.2004).

Appellant filed a sworn motion for community supervision stating that, in 1994, he *was convicted* of the felony offense of possession of a controlled substance, but that the conviction had been set aside.[2] Appellant contents that, because his conviction was set aside pursuant to article 42.12, section 20 of the Code of Criminal Procedure, he was eligible for jury-recommended community supervision. Appellant requested a punishment charge that would permit the jury the option of recommending to the court that he be placed on community supervision in lieu of incarceration.

Article 42.12, section 20 of the Code of Criminal Procedure, upon which appellant relies, provides that, upon fulfillment of the conditions of community supervision and expiration of the community supervision period, the court shall discharge the defendant. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20(a) (Vernon Supp.2004). A court discharging a defendant under article 42.12, section 20 may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, com-

plaint, information or indictment against the defendant, releasing the defendant from all penalties and disabilities resulting from the offense or crime of which he has been convicted. *Id.* However, under subsection one of article 42.12, section 20(a), if the discharged person is subsequently convicted of another criminal offense, the previously dismissed former felony conviction will resurrect itself and be made known to the trial judge. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20(a)(1) (Vernon Supp.2004); *Cuellar v. State,* 70 S.W.3d 815, 820 (Tex. Crim.App.2002). Appellant argues that, under *Cuellar,* when his prior felony conviction was set aside pursuant to article 42.12, section 20, he once again became eligible for community supervision because the felony conviction disappeared. *See Cuellar,* 70 S.W.3d at 820.

Appellant's reliance on *Cuellar* is misplaced. In *Cuellar,* the State used Cuellar's set-aside probation in the guilt-innocence phase of his felon in possession of a firearm trial as a final conviction to prove the required element that Cuellar was a convicted felon. *Cuellar,* 70 S.W.3d at 820. In contrast, appellant had been found guilty by the jury of aggravated sexual assault when the set-aside probation was resurrected and made known to the trial court in the punishment phase of trial. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20(a)(1). *Cuellar,* therefore, is inapplicable because it concerned the effect of a felony conviction set aside under article 42.12, section 20 as it related to the "prior

1. Before September 1, 1993, community supervision was referred to as probation. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3716.

2. During trial, appellant stipulated that he had been found guilty of possession of a controlled substance, namely cocaine, weighing less than 28 grams and had been sentenced to five years in prison, probated, and a fine. Furthermore, the order terminating proba-

tion, which was also introduced into evidence, stated that it was "ordered, adjudged, and decreed that defendant be and is hereby permitted to withdraw his plea of guilty or nolo contendere and the indictment or information by which the defendant was charged by and the same is hereby dismissed and the judgment of the court is hereby set aside according to law."

felony conviction" element of the offense of felon in possession of a firearm, and not the effect of such a set-aside conviction as it related to community supervision eligibility in the punishment phase of trial upon a subsequent criminal conviction. *Cuellar*, 70 S.W.3d at 820; *see* TEX. PEN.CODE ANN. § 46.04(a) (Vernon 2003).

In *Cuellar*, the Court of Criminal Appeals determined that when the appellant's prior felony conviction was set aside pursuant to an article 42.12, section 20 order, he was released from all penalties and disabilities resulting from the conviction, effectively making the felony conviction "disappear." *Cuellar*, 70 S.W.3d at 820. The *Cuellar* court made clear, however, that although a felony conviction set aside under article 42.12, section 20 effectively disappears and, therefore, may not be used to satisfy the necessary element of the offense of felon in possession of a firearm, the set-aside conviction, upon subsequent criminal conviction, resurrects itself and makes itself known to the trial judge. *Cuellar* 70 S.W.3d at 820. Therefore, although appellant's prior felony conviction effectively "disappeared" when it was set aside pursuant to article 42.12, section 20, the set-aside felony conviction resurrected itself upon the jury's subsequent conviction of appellant for aggravated sexual assault. *See* TEX.CODE CRIM. PROC. ANN. art 42.12 § 20(a)(1); *Cuellar*, 70 S.W.3d at 820.

■ Appellant's mistake is in equating his conviction's having been set aside pursuant to article 42.12 section 20 with his never having been convicted at all, hence with his being eligible for community supervision pursuant to article 42.12 section

4(e). It is well-established that, under the Code of Criminal Procedure, a prior felony conviction makes a defendant ineligible for jury-recommended community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 4(e);[3] *Earhart v. State*, 823 S.W.2d 607, 622–23 (Tex.Crim.App.1991); *see also Bradshaw v. State*, 128 Tex.Crim. 345, 81 S.W.2d 83, 84 (App.1935) (holding prior conviction made defendant ineligible for community supervision under predecessor statute to 1965 Code of Criminal Procedure). This ineligibility applies even if the prior conviction is somehow set aside or vacated, unless there is an express finding that the individual was exonerated from the prior finding of guilt. *Watkins v. State*, 572 S.W.2d 339, 343 (Tex.Crim. App.1978) (holding that even presidential pardon insufficient to prevent prior conviction from prohibiting probation eligibility), *accord Ex Parte Welch*, 981 S.W.2d 183, 184 (Tex.Crim.App.1998) (explaining that applicant *was* eligible for community supervision because prior set-aside deferred adjudication probationary term *was not* a conviction). Although appellant established that the prior felony was set aside, no evidence established that he was exonerated of the offense. We hold that appellant's set-aside prior felony conviction rendered him ineligible to receive jury-recommended community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 4(e). Accordingly, we conclude that the trial court did not err by denying the jury the option to recommend community supervision in the punishment jury charge.

**3.** Originally enacted as Article 42.12 § 3a. 1965 Code of Criminal Procedure Act, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 490. In 1989 the Legislature renumbered section 3a as section 4. Act of May 28, 1989, 71st Leg., R.S., ch. 785 § 4.17, 1989 Tex. Gen. Laws 3499. In 1993, the 73rd Legislature enacted the current verison of Article 42.12 § 4, setting out the prohibition of jury-recommended community supervision based on a prior felony conviction as subsection (e) of section 4. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3718.

We overrule appellant's third point of error.

## Voir Dire Limitation

In his second point of error, appellant contends the trial court abused its discretion by preventing appellant from questioning prospective jurors during voir dire regarding whether they could conceive of a situation where community supervision would be an appropriate punishment in a sexual assault case.

A trial court's ruling on voir dire limitation is reviewed under an abuse of discretion standard. *Rhoades v. State,* 934 S.W.2d 113, 118–19 (Tex.Crim.App.1996). A trial court abuses its discretion when it prohibits defense counsel from asking "proper" voir dire questions. *Id.* at 118. Proper voir dire questions are ones that seek to "discover a veniremember's views on an *issue applicable to the case.*" *Id.* (emphasis in original). Because appellant was ineligible for jury-recommended community supervision, voir dire based on the jurors' feelings about community supervision was inapplicable to the case. *See id.* We conclude that, because appellant was ineligible for jury-recommended community supervision, the trial court did not abuse its discretion in prohibiting voir dire on that issue.

We overrule appellant's second point of error.

## Conclusion

We affirm the judgment of the trial court.