Death Opinion

















 
 
IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NOS. PD-0007-13 & PD-0008-13

 


ALI YAZDCHI, Appellant
 
v.

THE STATE OF TEXAS



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS 
HARRIS COUNTY




           ALCALA, J., delivered the opinion of the Court, in which Keller, P.J., Meyers,
Keasler, Hervey, and Cochran, JJ., joined. Price, J., filed a concurring opinion.
Womack, J., concurred. Johnson, J., filed a dissenting opinion.
 
O P I N I O N
           In this case, we address whether a defendant is eligible for felony community
supervision from a jury when his prior community supervision, which he received under a
straight probation and which was terminated by a discharge order that permitted him to
withdraw his plea of guilty, dismissed the indictment, and set aside the verdict, becomes
resurrected by the conviction in the present case.


 See Tex. Code Crim. Proc. art. 42.12,
§ 20(a). Suggesting that we answer this question affirmatively, Ali Yazdchi, appellant,
argues in his petition for discretionary review that the court of appeals erred by holding that
the trial court properly refused his pretrial sworn motion for community supervision on the
ground that he was ineligible for community supervision from a jury. See Yazdchi v. State,
Nos. 01-10-01090-CR, 01-10-01091-CR, 2012 Tex. App. LEXIS 9316, 2012 WL 5381211,
at *6 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012) (mem. op., not designated for
publication). Based on our examination of the plain meaning of the statutory language in
Article 42.12, Section 20(a), we agree with the court of appeals’s holding that appellant was
ineligible for community supervision due to a prior felony conviction. See Tex. Code Crim.
Proc. art. 42.12, § 20(a).


 We also agree with the court of appeals that appellant failed to
preserve his complaint that the trial court erred by permitting the State to impeach him with
evidence of his prior community supervision, and therefore, we do not reach the merits of
that complaint. We affirm the judgment of the court of appeals.I. Background
A. Prior Community Supervision and Order of Early Termination

           In November 2000, appellant pleaded guilty to aggregate theft and elected to have the
judge assess punishment without an agreed recommendation. See Tex. Penal Code §
31.03(a), (e)(7). The judge assessed appellant’s punishment at ten years’ imprisonment but
suspended his sentence and placed him on straight probation with ten years’ community
supervision. See Tex. Code Crim. Proc. art. 42.12, § 3(a), (b)(1). In February 2003, the
judge terminated appellant’s community supervision after he had completed two-and-a-half
years of the probationary period. See id. § 20(a). In his discharge order, the trial judge
permitted appellant to withdraw his plea of guilty, dismissed the indictment against him, and
set aside the judgment of conviction. See id. The order, in relevant part, stated,
And it is ordered, adjudged, and decreed: That defendant be and is hereby
permitted to withdraw his/her plea of guilty or Nolo Contendere and the
indictment or information by which the defendant is charged by and the same
is hereby dismissed and the Judgment of conviction is hereby set aside
according to law. 

           B. The Present Case
           About five years after appellant had satisfactorily completed his probation, he was
indicted for two third-degree felonies that he committed in 2006: falsely holding oneself out
as a lawyer and aggregate theft of over $20,000 and under $100,000. See Tex. Penal Code
§§ 31.03(a), (e)(5); 31.09; 38.122(a). Appellant, although not actually an attorney,
introduced himself as a lawyer to the people at a strip club that he frequented. The
complainant, who worked at that club, approached appellant for help in collecting insurance
proceeds after a serious car accident caused her severe injuries. On her behalf, appellant
wrote several demand letters to the insurance companies of both drivers involved, stating that
he represented the complainant and seeking each company’s payment for medical, auto
repair, and towing expenses. By the end of 2006, he had collected over $50,000 from the
insurance companies that he deposited into his personal bank account. Appellant never
tendered any money he collected to the complainant.
           Appellant was tried for both offenses at a single trial in November 2010. Prior to trial,
the parties filed pretrial motions and had discussions with the trial court about the legal
consequences stemming from the early termination of appellant’s prior community
supervision. Appellant filed a motion in limine seeking a hearing to determine, in part,
whether the prior convictions listed in the State’s notice were “final convictions.” Appellant
also filed a pretrial motion for community supervision acknowledging his earlier community
supervision for felony theft that had been set aside, but later changed that election to be
sentenced by the trial-court judge, apparently after the judge determined that appellant would
be ineligible for community supervision from the jury. See Tex. Code Crim. Proc. arts.
37.07, § 2(b); 42.12, § 4(e).
           Before the commencement of trial, the court held a hearing outside the presence of
the jury for the purpose of documenting an off-the-record, pretrial colloquy from the previous
day, during which the parties had discussed whether appellant was eligible for community
supervision from a jury. Appellant introduced the prior discharge order for purposes of the
hearing and summarized its contents. The record, in relevant part, states,
[Defense counsel]: Further, based on—and the court has indicated that the
Court’s viewpoint was that there was, in fact, a felony
conviction of [Appellant], and —
 
[Trial court]: I think that, yes. Just so I can articulate it on the record.
. . . I think the question is, could the defendant swear to
a motion that he has never before been convicted of a
felony in this state or any other state, or the federal court
in order to be able to ask for probation before the jury. 
And my position was that he has been convicted of a
felony, regardless of the language in the early
termination of that probation. So, I don’t think he is
eligible to go before the jury to ask for probation.
 
[Defense counsel]: Thank you. And, as a result of that opinion by this
Honorable Court, I—I did file a Motion for Probation
and also—however, I had previously filed a motion or an
. . . election of punishment to go to the jury, and as a
result of this opinion by this Honorable Court, I filed an
amended election of punishment to go to the Court based
upon this opinion and this ruling. So, for that reason, I
needed to get this on the record . . . .

           Appellant never requested any ruling from the trial court on the matter of whether his
prior community supervision could be used to impeach his testimony if he were to testify at
trial. At trial, appellant did not testify. The State, therefore, had no occasion to seek to admit
impeachment testimony against appellant, and the trial court never ruled on whether
appellant’s prior conviction would be permitted as impeachment evidence. See Tex. R. Evid.
609(a). The jury subsequently convicted appellant of both offenses. In accordance with
appellant’s election for the trial court to impose sentence, the trial court sentenced him on
each charge to concurrent ten-year prison terms.
           Appellant filed original and supplemental motions for new trial for each of his
convictions. His original motion asserted, in relevant part, that the trial court “has
misdirected the jury about the law” and “has committed material error likely to injure the
defendant’s rights.” Attached to his original motion, appellant provided an affidavit from
his trial counsel, in which counsel stated, in relevant part, that she revised her strategy from
jury punishment to court punishment based on the trial court’s ruling that appellant was
ineligible for community supervision from the jury. Trial counsel also stated in her affidavit
that, because of the trial court’s ruling on the prior community supervision, trial counsel
could not allow appellant to testify in the guilt phase of trial. Appellant also filed a
supplemental motion for new trial that separately challenged the conviction on other grounds. 
The trial court denied both motions without a hearing.
           C. The Court of Appeals’s Opinion 
           On appeal, the parties disputed (1) whether the trial court erred by determining that
appellant was ineligible for community supervision from the jury under Section 20(a)(1), 
which provides for resurrection of a conviction for an offense that has been discharged under
a successfully completed community supervision, and (2) whether appellant’s impeachment
claim was preserved for appeal. See Tex. Code Crim. Proc. art. 42.12, § 20(a)(1). 
Appellant asserted that the trial court’s pretrial ruling erroneously denied him his right to
have the jury consider community supervision in sentencing him because he had been
discharged of the disabilities stemming from his earlier community supervision. Appellant
argued that, under this Court’s opinion in Cuellar v. State, a person whose conviction is set
aside and indictment is dismissed under Section 20(a)’s plain language “is not a convicted
felon” until the conviction “resurrect[s]” upon subsequent conviction. 70 S.W.3d 815, 820
(Tex. Crim. App. 2002). He suggested that the resurrection of the earlier community
supervision had not yet occurred when he filed his motion for community supervision
because, at that pretrial stage, he had not yet been convicted of anything in this case, and,
therefore, the motion was true at the moment of filing. See Tex. Code Crim. Proc. art.
42.12, § 4(e). Furthermore, appellant argued that under Section 4(e) of Article 42.12,
eligibility for another community supervision would be determined solely by the jury, an
entity not included in Section 20(a)(1)’s requirement that a set-aside conviction “shall be
made known” to the judge. See id. § 20(a).
           The court of appeals disagreed with appellant’s arguments. See Yazdchi, 2012 WL
5381211, at *7. On appellant’s community-supervision claim, the court held that the trial
court correctly refused to allow appellant to submit his sworn motion to the jury. Id. at *8. 
The court noted that, in its prior decision in Smiley v. State, it “reasoned that, because the set-aside conviction had been ‘resurrected’ at the time of punishment, the defendant could not
argue that he had not been previously convicted.” Id. at *6 (citing Smiley, 129 S.W.3d 690,
695 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). The appellate court observed that
Smiley had relied on this Court’s holding in Cuellar v. State, in which this Court noted that
a conviction discharged under Section 20’s judicial clemency provision would be
“resurrect[ed]” upon subsequent conviction. Id. at *6 (citing Cuellar, 70 S.W.3d at 820). 
Additionally, the court held that adherence to Smiley was warranted under stare decisis
because, given that no legislative changes had been made to Section 20(a)’s discharge
provision in the decade since Smiley was decided, “we may reasonably infer that the
legislature has approved of our interpretation.” Id. at *7. With respect to appellant’s
impeachment claim, the court held that appellant had failed to preserve that claim because
he never argued to the trial court that the State should not be permitted to impeach him with
his earlier community-supervision conviction, and he never obtained any ruling on that
matter. Id. at *2.
           We granted review on appellant’s petition for discretionary review to clarify 
[w]hether the Court of Appeals correctly interpreted Tex. Code Crim. Proc.
Art. 42.12 §20 to allow [appellant] to be impeached with . . . his prior
completed probation and prohibit him from filing a sworn motion for probation
and allow a jury to consider his eligibility for probation when [his] prior plea
was withdrawn, the indictment dismissed, and [himself] relieved of all
penalties and disabilities.
         
II. Statutory Analysis of Eligibility for Subsequent Community Supervision
           In its brief on discretionary review, the State contends that the trial court correctly
determined appellant was ineligible for community supervision because the plain language
of Section 20(a)(1) in Article 42.12 operated to resurrect his earlier-discharged community
supervision. We agree. Applying principles of statutory construction to that provision, we
find that its plain meaning supports the conclusion that appellant’s conviction “resurrected”
for the limited purpose of probation ineligibility. 
           A. Applicable Law for Examining the Text of the Statute for Legislative Intent
           Statutory construction is a question of law, and we review the lower court’s
interpretation of a statute de novo. Harris v. State, 359 S.W.3d 625, 629 (Tex. Crim. App.
2011). In construing a statute, we must “seek to effectuate the collective intent or purpose
of the legislators who enacted the legislation.” Id. (citations omitted). In interpreting statutes,
we presume that the Legislature intended for the entire statutory scheme to be effective. 
Mahaffey v. State, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). We look first to the
statute’s literal text, and “‘we read words and phrases in context and construe them according
to the rules of grammar and usage.’” Harris, 359 S.W.3d at 629 (quoting Lopez v. State, 253
S.W.3d 680, 685 (Tex. Crim. App. 2008)). We must “‘presume that every word in a statute
has been used for a purpose and that each word, phrase, clause, and sentence should be given
effect if reasonably possible.’” Id. (quoting State v. Hardy, 963 S.W.2d 516, 520 (Tex. Crim.
App. 1997)). Words and phrases are construed under the rules of grammar and common
usage unless they have acquired technical or particular meaning. Ex parte Ruthart, 980
S.W.2d 469, 472 (Tex. Crim. App. 1998). When statutory language is clear and
unambiguous, we give effect to its plain meaning unless to do so would lead to absurd
consequences that the legislature could not have possibly intended. Boykin v. State, 818
S.W.2d 782, 785 (Tex. Crim. App. 1991); see Ex parte Valdez, 401 S.W.3d 651, 655 (Tex.
Crim. App. 2013). We do not resort to extra-textual factors unless the language is
ambiguous, meaning that it is not plain. See Bryant v. State, 391 S.W.3d 86, 92 (Tex. Crim.
App. 2012). Ambiguity exists when the statutory language may be understood by reasonably
well-informed persons in two or more different senses; conversely, a statute is unambiguous
when it permits only one reasonable understanding. Id. 
B. The Language of Section 20 Plainly Requires Resurrection of the Conviction
for the Limited Purpose of Probation Ineligibility
 
           Although advocating differing interpretations, both parties agree that resolution of this
case depends solely on the plain language in the statute; neither contends to this Court that
the statutory language is ambiguous. Based on our independent review of the statutory
language, we agree with the parties that the language is plain and that it is unnecessary to
turn to extra-textual factors in our analysis.
                      1. The Statute Plainly Describes Three Situations
           The language of Texas Code of Criminal Procedure Article 42.12, Section 20(a),
describes three situations. The first situation applies when a trial court has a mandatory duty
to discharge a defendant who has successfully completed the conditions of community
supervision upon the expiration of his term of supervision. Section 20(a), in relevant part,
states, 
Upon the satisfactory fulfillment of the conditions of community supervision,
and the expiration of the period of community supervision, the judge, by order
duly entered, shall amend or modify the original sentence imposed, if
necessary, to conform to the community supervision period and shall discharge
the defendant. 

Tex. Code Crim. Proc. art. 42.12, § 20(a). This Court has observed that a defendant whose
supervision is terminated under this section has been convicted of a felony, although it may
not be a final conviction for use as an enhancement offense to elevate the punishment range
in a future criminal proceeding. Cuellar, 70 S.W.3d at 818. In Cuellar, this Court stated,
“That person has paid his debt to society and, in effect, ‘graduates’ from community
supervision. However, that person has been convicted of a felony, even though he never
went to prison and, for some purposes, it is not a ‘final’ felony conviction.” Id.  
           The second situation described in the statutory language applies when a trial judge
uses his discretion to exercise “judicial clemency” in terminating early a defendant who has
satisfactorily completed the conditions of his community supervision on his straight
probation. See id. at 819. Because the statutory language that governs this second situation
uses the phrases “may set aside the verdict or permit the defendant to withdraw the
defendant’s plea” and “of which the defendant has been convicted or to which the defendant
has pleaded guilty,” this Court previously addressed whether this statutory language applied
to community supervision under a straight probation, deferred adjudication, or both. This
Court determined that it applied to straight probation only. See State v. Juvrud, 187 S.W.3d
492, 493, 495 (Tex. Crim. App. 2006); see also Barela v. State, 180 S.W.3d 145, 148 (Tex.
Crim. App. 2005) (citing McNew v. State, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978)
(original op.)); Tex. Code Crim. Proc. art. 42.12, §§ 2(2), 3, 4. The judicial clemency
provision, therefore, applies to offenses for which a defendant has been convicted through
a straight probation.
            Under the portion of the statute that describes the second situation permitting judicial
clemency, the statute provides, 
 
[T]he judge may set aside the verdict or permit the defendant to withdraw the
defendant’s plea, and shall dismiss the accusation, complaint, information or
indictment against the defendant, who shall thereafter be released from all
penalties and disabilities resulting from the offense or crime of which the
defendant has been convicted or to which the defendant has pleaded guilty[.] 

Tex. Code Crim. Proc. art. 42.12, § 20(a). As this Court explained in Cuellar, “when a trial
judge believes that a person on community supervision is completely rehabilitated and is
ready to re-take his place as a law-abiding member of society, the trial judge may ‘set aside
the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation,
complaint, information or indictment against the defendant, who shall thereafter be released
from all penalties and disabilities resulting from the offense or crime of which he has been
convicted or to which he has pleaded guilty.’” Cuellar, 70 S.W.3d at 819 (quoting Tex. Code
Crim. Proc. art. 42.12, § 20(a)). Under the discretionary type of early termination described
in Section 20, therefore, “If a judge chooses to exercise this judicial clemency provision, the
conviction is wiped away, the indictment dismissed, and the person is free to walk away from
the courtroom ‘released from all penalties and disabilities’ resulting from the conviction.”
Id. (quoting Tex. Code Crim. Proc. art. 42.12, § 20(a)). As the Cuellar Court noted in
determining that the language was plain, “[t]hese words are crystal clear. There is no doubt
as to their meaning.” Id. (citing Boykin, 818 S.W.2d at 785).
           The third situation described by Section 20 provides a limited exception to the second
situation when a defendant is again convicted of another offense. That portion of the statute
states, “[E]xcept that: (1) proof of the conviction or plea of guilty shall be made known to
the judge should the defendant again be convicted of any criminal offense[.]” Tex. Code
Crim. Proc. art. 42.12, § 20(a)(1). In Cuellar, this Court explained the meaning of that
statutory language, noting that “if the discharged person is subsequently convicted of another
criminal offense, the previously dismissed ‘former’ felony conviction will resurrect itself and
be made known to the trial judge.” Cuellar, 70 S.W.3d at 820. The Cuellar Court expressly
noted that, when a defendant is convicted again, the third situation acts to resurrect the
conviction that had been wiped away in the second situation. See id.
           Although we agree with Cuellar’s analysis, we recognize that the facts in Cuellar
never required this Court to reach the questions raised by this third situation because, in that
case, the dispute centered on whether a felony conviction that was set aside under Section
20 constituted a felony conviction for purposes of proving the offense of felon in possession
of a firearm. See id. The third situation that arises when a defendant is again convicted was
not implicated by the facts of Cuellar, in which the defendant had shown that the second
situation alone applied to him. See id. In Cuellar, because the record showed that Cuellar
had received discretionary judicial clemency for his community supervision, the State could
not use Cuellar’s conviction that had been set aside by his community-supervision discharge
to establish the “convicted of a felony” element of the offense of unlawful possession of a
firearm by a felon. Id.; see Tex. Penal Code § 46.04(a). The holding in Cuellar was
consistent with this Court’s decision in Walker v. State, a case which also implicated only the
second situation and not the third situation. See 645 S.W.2d 294, 295 (Tex. Crim. App.
1983) (en banc) (holding that because Walker received judicial-clemency discharge, he had
no felony conviction and was improperly determined to be “unqualified” as a prospective
juror). But the question of law in Cuellar and Walker was not, as here, whether the third
situation that occurs when a defendant is again convicted of an offense effectively undoes
the judicial clemency that had occurred in the second situation for the limited purpose of
probation ineligibility. See id.; Cuellar, 70 S.W.3d at 817. Because this Court has never
directly analyzed the meaning of this precise statutory section, we will address the question
of the implications of the resurrection of the conviction discharged under straight-probation
community supervision as a matter of first impression.
                      2. Analysis of Plain Language in the Third Situation in Section 20 
           We proceed to examine Section 20’s statutory language describing the third situation,
which states, “[E]xcept that: (1) proof of the conviction or plea of guilty shall be made
known to the judge should the defendant again be convicted of any criminal offense[.]” Tex.
Code Crim. Proc. art. 42.12, § 20(a)(1). Examining the statutory language in the third
situation requires that we consider the meaning of the word “except” and the phrases “should
the defendant again be convicted of any criminal offense” and “proof of the conviction or
plea of guilty shall be made known to the judge.” Id. We consider each of these statutory
phrases in turn below.
                                 a. Analysis of the Meaning of the Word “Except”
           Although a defendant may have received judicial clemency under the second situation,
the third situation nullifies that determination by its use of the word “except.” See American
Heritage College Dictionary 477 (3d ed. 2000) (“except” defined, as preposition, “with
the exclusion of” or “otherwise than”; as conjunction, “unless”); see also Oxford English
Dictionary Compact Edition 916 (1st ed. 1971) (“except,” used as part of “except that,”
is “a predicative clause expressing a fact that forms an exception to the statement made”). 
Under the plain language, the second situation applies “except” when the third situation
occurs.
                                 b. Analysis of the Phrase “Again Be Convicted”
           The third situation occurs when a defendant is “again . . . convicted of any criminal
offense.” Tex. Code Crim. Proc. art. 42.12, § 20(a)(1). As noted above, the judicial
clemency awarded in the second situation applied to an offense for which a defendant had
been convicted under a straight probation. By using the word “convicted” in the second
situation and the term “again be convicted” in the third situation, the statute clearly applies
to a defendant who is convicted of an offense and placed on community supervision under
a straight probation, then entirely released from it through judicial clemency, and then has
his prior conviction reinstated for the limited purpose of community supervision ineligibility
when he is convicted of another offense. Id.; Cuellar, 70 S.W.3d at 820. Otherwise, the
phrase “again be convicted” would be meaningless. See Tex. Code Crim. Proc. art. 42.12,
§ 20(a)(1). If the judicial clemency were to forever wipe away the defendant’s conviction
even after a subsequent conviction, as appellant suggests, then the statutory language would
have merely used the word “convicted” rather than “again be convicted,” which signifies that
the defendant has been convicted twice. See id. 
                                 c. Analysis of the Meaning of “Made Known to the Judge” 
           The phrase “proof of the conviction or plea of guilty should be made known to the
judge” is also plain when viewed discretely and when viewed within the context of the entire
community supervision statutory scheme. See id. 
           Section 20(a)(1)’s discrete statutory language expressly requires that the conviction
be made known to the judge, but it does not more particularly describe who should make it
known to the judge or when this should occur. The “should be made known” language,
however, is plain in that it definitively requires that the trial court be informed of the
defendant’s earlier straight-probation conviction. The lack of specificity as to the who and
the when does not make this language ambiguous because another section of Article 42.12
describes these requirements, and we must consider the entire statutory scheme in properly
resolving questions of a statute’s legislative intent. See Mahaffey, 364 S.W.3d at 913 (citing
Murray v. State, 302 S.W.3d 874, 879, 881 (Tex. Crim. App. 2009) (holding that statutory
construction of a statute’s plain language involves review of other provisions within a
holistic statutory scheme rather than merely the discrete provision at issue)). We cannot
conclude that the Legislature acted irrationally or ambiguously by choosing to draft a
statutory scheme through several applicable sections contained within an article rather than
through a single section.
           In Texas, a defendant may obtain straight-probation community supervision from
either a judge or a jury. See Tex. Code Crim. Proc. arts. 37.07, § 2(b); 42.12, §§ 3(a), 4(a),
4(e); 43A George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal
Practice and Procedure § 47:5 (3d ed. 2013). We restrict our analysis to whether the
statute’s language is plain under circumstances in which a defendant is to be sentenced by
the jury.


 If a defendant seeks sentencing by the jury, as here, the provision that requires that
his prior conviction be made known to the judge would necessarily have to come into play
at the point at which he files his motion to seek jury-recommended community supervision.
See Tex. Code Crim. Proc. art. 42.12, § 4(e). For a defendant to be permitted to have a jury
consider placing him on community supervision, he must first file a pretrial motion with the
court stating that he has never before been convicted of a felony. See id. arts. 37.07, § 2(b); 
42.12, § 4(e). Article 42.12, § 4(e), provides,
A defendant is eligible for community supervision under this section only if
before the trial begins the defendant files a written sworn motion with the
judge that the defendant has not previously been convicted of a felony in this
or any other state, and the jury enters in the verdict a finding that the
information in the defendant’s motion is true. 

Id. art. 42.12, § 4(e). This provision plainly answers the question with regard to who should
provide the information about the prior conviction in the case of sentencing by the jury by
clearly identifying the defendant as the person who should file the written sworn motion. See
id. Furthermore, this provision for sentencing by the jury plainly answers the question with
regard to when the information must be provided by specifying that the motion must be filed
before the trial begins. See id. 
           As appellant argues, it is true that a defendant must file this sworn motion for jury-recommended community supervision before he has been again convicted of anything; the
motion, however, is filed under what is essentially a presumption that the defendant will be
found guilty and that the jury will then be called upon to sentence him. The requirement that
this motion be filed pretrial, then, serves a practical purpose of permitting the judge and
parties to voir dire the jury about their feelings regarding punishment, which is irrelevant if
the judge will be sentencing a defendant. Contrary to appellant’s claims, it would be
irrational to conclude that a defendant does not have to make his prior conviction known to
the judge under the theory that he had not yet been convicted of the offense for which he is
on trial when he would necessarily have been convicted of that offense by the time the jury
assesses punishment. See id. arts. 37.07, § 2(b); 42.12, § 4(e). The whole point of filing the
pretrial motion is to determine whether a defendant is eligible for community supervision
from a jury under the assumption that the jury will be sentencing him after finding him guilty. 
Id. We, therefore, are unpersuaded that appellant presents a reasonable interpretation of this
statute by asserting that, at the point that he filed his motion for community supervision, he
was not yet a convicted felon and, therefore, could file the motion that would be untrue at the
point that the jury would be called upon to assess his sentence.
           Furthermore, appellant’s suggestion that a judge plays no role when the jury is the
entity deciding whether a defendant receives community supervision misunderstands the
community-supervision scheme set forth by the Legislature. A judge is authorized to reject
a motion for community supervision filed by an ineligible defendant. See Cherry v. State,
502 S.W.2d 9, 12 (Tex. Crim. App. 1973); see also Thompson v. State, 604 S.W.2d 180, 181
(Tex. Crim. App. 1980) (reversing trial court’s refusal to file defendant’s probation
application due to ineligibility). It is the judge who determines whether a defendant is legally
eligible to be considered for community supervision by the jury. See Palasota v. State, 460
S.W.2d 137, 140 (Tex. Crim. App. 1970) (where no proof after filing of sworn motion
showed that defendant was eligible for probation, “the court should not, as it did, have
submitted the issue of probation”); Walker v. State, 440 S.W.2d 653, 659 (Tex. Crim. App.
1969); 43A George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal
Practice and Procedure § 47:16 (3d ed. 2013) (opining that, while requirements of sworn
motion and “proof” are independent, “[i]f the evidence is clear that the defendant has
previously been convicted of a felony, then the judge determines as a matter of law that the
defendant is not eligible for community supervision and refuses to submit the issue to the
jury”).
           Appellant contends that he was eligible to file a pretrial motion for jury-recommended
community supervision because, under the language of Section 20(a), his set-aside discharge
order constituted “an exoneration of the accused” equivalent to being “never found guilty in
the first place.” But this interpretation fails to take into consideration the language of the
entire statutory scheme, which provides that under Section 20(a), an earlier judicial-clemency
discharge is treated as a conviction for the limited purpose of probation ineligibility upon
subsequent conviction of another offense. See Tex. Code Crim. Proc. art. 42.12, § 20(a)(1). 
Furthermore, this Court has decided, in other contexts, that a conviction set aside in a
discharge order does not equate to an exoneration as if the defendant had never been found
guilty. See Taylor v. State, 612 S.W.2d 566, 571 (Tex. Crim. App. 1981) (panel op.) (holding
that probationer restored to his civil rights by discharge order from another state setting aside
that verdict and conviction counted as a final felony conviction and “did not ‘wipe the slate
clean’ as far as probation eligibility” from the jury). Similarly, appellant’s argument that a
set-aside discharge order is equivalent to an executive pardon is unavailing for purposes of
determining eligibility for community supervision without an express determination that a
person has been exonerated of the offense. See Watkins v. State, 572 S.W.2d 339, 343 (Tex.
Crim. App. 1978) (holding as a matter of law that defendant was ineligible for probation
because presidential pardon did not eliminate his prior felony conviction); Smiley, 129
S.W.3d at 695 (holding defendant ineligible for community supervision from the jury based
on judicial-clemency discharge under Section 20); Samaniego v. State, 647 S.W.2d 762, 764
(Tex. App.—Austin 1983, no pet.) (holding set-aside discharge order under Section 20(a)’s
statutory predecessor did not preclude use of underlying conviction to bar probation
eligibility after subsequent conviction).



           We hold that, under the entire statutory scheme governing regular community
supervision, the statutory language is plain in providing that appellant was ineligible for jury-recommended community supervision because, even though he received judicial clemency
on an earlier community supervision, that conviction was resurrected for the limited purpose
of probation ineligibility when he was convicted of the present offense. We, therefore,
affirm the judgment of the court of appeals overruling appellant’s point of error with respect
to this issue.
           III. Appellant Failed to Preserve His Impeachment Issue on Appeal

           Appellant contends that the court of appeals erred by holding that he did not preserve
his complaint that, as a result of the trial court’s ruling that his prior conviction was
resurrected by his subsequent conviction in this case, he was deprived of the opportunity to
testify at the guilt stage of his trial. Citing to Supreme Court precedent in Luce v. United
States, 469 U.S. 38, 42 (1984), appellant suggests that, although he did not testify at trial, he
should not have to testify to challenge a trial court’s ruling permitting impeachment evidence. 
See Luce, 469 U.S. at 42. We agree with the court of appeals that appellant presented no
argument to the trial court on the matter of whether he could be impeached with his prior
conviction discharged under straight probation and that the trial court never ruled on that
subject. Because appellant failed to preserve his complaint, we do not reach his arguments
on the applicability of Luce. See id. 
           For a party to preserve a complaint for appellate review, the complaining party must
make a specific objection and obtain a ruling on the objection. Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002). In addition, a party must make the complaint at the earliest
possible opportunity, and the point of error on appeal must comport with the objection made
at trial. Id. Failure to object at trial may waive even constitutional errors. Fuller v. State,
253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citing Tex. R. App. P. 33.1); Saldano v. State,
70 S.W.3d 873, 889–90 (Tex. Crim. App. 2002) (equal protection claim related to
admissibility of evidence waived by non-objection); Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995) (waiver of federal constitutional due-process rights occurred by non-objection at trial).
           The record here shows that, at the pretrial hearing to record what happened during an
off-record colloquy on the motion in limine, the trial judge recounted her ruling that, “I think
the question is, could the defendant swear to a motion that he has never before been
convicted of a felony in this state or any other state, or the federal court in order to be able
to ask for probation before the jury.” Although the trial judge’s statement expressly showed
her understanding of her ruling’s scope in its limitation to the question of appellant’s ability
to seek community supervision from the jury, appellant failed to object or request a ruling
on impeachment. See Dixon v. State, 2 S.W.3d 263, 266 (Tex. Crim. App. 1998) (general
objection preserves error where ground is apparent to trial judge); Lankston v. State, 827
S.W.2d 907, 909 (Tex. Crim. App. 1992) (same). Despite appellant’s failure to object
pretrial or at trial, appellant’s counsel averred in a motion for new trial that the trial court’s
ruling caused appellant not to testify at the guilt stage to prevent the introduction of his prior
straight probation as impeachment evidence. Because it was made for the first time post-trial, that argument was not timely presented to the trial court. See Hollins v. State, 805
S.W.2d 475, 476 (Tex. Crim. App. 1991) (“In order to be considered timely, an objection
must be made as soon as the ground of objection becomes apparent [or] the defense knows
or should know that an error has occurred.”); Tex. R. App. P. 33.1(a).


 We hold that the court
of appeals properly determined that the trial court rendered no “decision” or “ruling” and that
appellant, therefore, failed to preserve the issue for consideration on appeal. See Fuller, 253
S.W.3d at 233. IV. Conclusion
           We hold that the court of appeals properly determined that (1) appellant was not
eligible for community supervision from the jury because his conviction in this case revived
his earlier conviction for the limited purpose of probation ineligibility, even though his
earlier conviction had been terminated by a discharge order that permitted him to withdraw
his plea of guilty, dismissed the indictment, and set aside the verdict, and (2) appellant did
not preserve his complaint that it is impermissible to impeach his testimony with a prior
probation that was discharged through judicial clemency. The judgment of the court of
appeals is affirmed.  
Filed: April 9, 2014
PUBLISH